42 F.3d 1386
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ebenezer AJAYI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ebenezer AJAYI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ebenezer AJAYI, Defendant-Appellant.
 Nos. 94-5253, 94-6705, 94-6885.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 8, 1994.
Decided: Dec. 1, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CR-94-3-CR-F, CR-93-34, CA-94-53-7, CR-94-76-F)
 Edwin C. Walker, Assistant Federal Public Defender, Raleigh, NC, for Appellant; Ebenezer Ajayi, Appellant Pro Se. Janice McKenzie Cole, United States Attorney, David J. Cortes, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In No. 94-5253, Ebenezer Ajayi appeals the revocation of his probation. In No. 94-6885, he appeals from the district court's denial of his 28 U.S.C. Sec. 2255 (1988) motion challenging the probation revocation. In No. 94-6705, he appeals from the court's denial of his Sec. 2255 challenge to his conviction for false statement to a bank, in violation of 18 U.S.C.A. Sec. 1014 (West Supp.1994). We have consolidated these cases on appeal and now affirm the actions of the district court in each case.
 
 
 2
 * In 1988, Ebenezer Ajayi was sentenced, pursuant to a guilty plea in the Eastern District of New York, to three years probation for mail fraud. The probation was extended to October 14, 1992. On April 5, 1992, Ajayi was arrested in North Carolina on a state warrant from South Carolina charging him with bank fraud. On October 1, 1992, thirteen days before expiration of probation, a warrant was issued as a detainer from the Eastern District of New York for probation viola tions, namely, leaving the district without permission and arrest for bank fraud.
 
 
 3
 Ajayi was convicted in South Carolina state court on November 6, 1992, and sentenced to five years imprisonment and $7106.15 restitution. On November 22, 1993, Ajayi was sentenced in the Eastern District of North Carolina on a plea of guilty to making a false statement to a bank. On March 24, 1994, the same court revoked Ajayi's probation and sentenced him to eight months imprisonment followed by twenty-four months of supervised release.*
 
 II
 
 4
 In his appeal of the probation revocation, Ajayi raises one issue: Whether the seventeen-month delay between issuance of the probation revocation warrant and the revocation hearing was impermissible. Under 18 U.S.C.A. Sec. 3565(c) (West Supp.1994):
 
 
 5
 The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.
 
 
 6
 Ajayi admits that a warrant was issued before expiration of the sentence of probation. He argues, however, that the delay beyond the expiration of the probation term was not reasonably necessary.
 
 
 7
 A decision to revoke probation lies within the sound discretion of the district court. United States v. Williams, 15 F.3d 1356, 1364 (6th Cir.1994). In this case, the warrant was timely issued, before expiration of the probation. Transfer of jurisdiction from the Eastern District of New York to the Eastern District of North Carolina was accomplished in January 1994, two months after Ajayi was sentenced for the false statement violation. On February 7, the Motion for Revocation was filed, charging that Ajayi violated probation by his criminal conduct in North Carolina, his criminal conduct in South Carolina, and by leaving the judicial district without permission. On March 21, the hearing was held, and judgment was entered.
 
 
 8
 A relatively brief period of time elapsed between the North Carolina sentencing for false statement and initiation of revocation proceedings, which required coordination of a transfer of jurisdiction. Ajayi makes no convincing claims of prejudice resulting from this delay. We conclude that the district court did not abuse its discretion in finding that the delay was reasonably necessary. Accordingly, we affirm the probation revocation.
 
 III
 
 9
 In his Sec. 2255 challenge to the probation revocation, No. 94-6885, Ajayi alleges that he was subjected to double jeopardy by his probation revocation, and that his counsel was constitutionally ineffective in failing to raise this issue. Having reviewed these claims, we affirm on the reasoning of the district court. United States v. Ajayi, Nos. CR-94-3-CR-F, CA-94-76-F (E.D.N.C. July 25, 1994). In No. 94-6705, Ajayi challenges his North Carolina conviction for false statement on the ground that his plea agreement was breached. Having reviewed the record and Ajayi's submissions, again we affirm on the reasoning of the district court. United States v. Ajayi, Nos. CR-93-34, CA-94-53-7 (E.D.N.C. June 21, 1994). Ajayi's motion for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Jurisdiction over Appellant's probation was transferred from the Eastern District of New York to the Eastern District of North Carolina in January 1994